TIMOTHY M. BURGESS
United States Attorney

STEPHEN COOPER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Attorney for Plaintiff

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 14  PM 3: 56

PD

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  F05-037 CR (RRB) |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | PLEA AGREEMENT |
| ) | |
| TRAVIS B. BULLOCK, ) | *Filed on Shortened Time* |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

### I.    **Introduction**

A.    This document contains the complete plea agreement between the
defendant Travis B. Bullock and the United States.   Defendant understands this
agreement is limited to the District of Alaska; it does not bind other federal, state,
or local prosecuting authorities.

B.     The parties expressly agree that this plea agreement is entered into

and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(A) and

(C). This means that the defendant may not withdraw from this agreement or the

guilty plea unless the court declines to be bound by the provisions of this

agreement.


C.     Terms:

The parties agree:

1.     The defendant Travis B. Bullock will enter pleas of guilty to

Count 1, 2 and 3 of the Information, charging sale and transportation of

unlawfully taken wildlife, in violation of 16 U.S.C. §§ 3372(a)(2)(A) and

3373(d)(2).

2.     Sentencing is to be open, except that the sentence will include

the following specific terms, among any others that the Court may impose:

(a) payment of fines totaling $35,000;

(b) no hunting or guiding or being with anyone who is hunting

or guiding in Alaska for a period of three years as a condition of probation or

supervised release; and

(c) reporting to U. S. Fish and Wildlife Service on its standard

forms during and as a condition of the same three year period of probation or

supervised release the details of any hunts at any location, which defendant

guides or from which he is to receive compensation.

    3.    If defendant meets the criteria set out in U.S.S.G. § 3E1.1 and

continues to meet those criteria through the time of imposition of sentence, the

two-level downward adjustment for acceptance of responsibility will apply, and if

U.S.S.G. § 3E1.1(b) applies, the United States will move for the additional one-

level adjustment for acceptance of responsibility.

    4.    There will be no upward or downward departures.

    5.    The $25 mandatory assessment will be ordered as to each

count, for a total of $75.

    6.    In exchange for and as a condition of defendant's pleas of

guilty to Counts 1, 2, and 3 of the Information and compliance with all the terms

of this agreement, and upon entry of judgment in accordance with all the terms of

this agreement, the United States will not prosecute this defendant further for any

offense -- now known -- arising out of the subject of the investigation related to

the charges in this case and the defendants' admissions in support of the guilty

plea. Provided, however, if defendant's guilty plea is rejected, withdrawn,

vacated, reversed, or set aside, or if defendant's sentence is vacated, reversed, set

aside, or modified, at any time, in any proceeding, for any reason, or if defendant

breaches this plea agreement, the United States will be free to prosecute the

defendant on all charges arising out of the investigation of this case for which

there is probable cause, including any charges dismissed or agreed to be

dismissed or not prosecuted pursuant to the terms of this agreement, which

charges will be automatically reinstated, as well as for perjury and false

statements.

D.    Because this is a negotiated resolution of the case, the parties waive

any claim for the award of attorney's fees and costs from the other party.

II.    **What the defendant agrees to do**

A.    I, Travis B. Bullock, being of sound mind and under no compulsion

or threats, or promises not otherwise contained in this document, do hereby state

my agreement to and understanding of this plea agreement. I agree the following

obligations are material to this agreement. I agree that any violation of or failure

to fulfill these obligations will be a material breach of this agreement.

Page 4 of 19

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence. I agree it will be a breach of this agreement if at any time up to and including the time for imposition of sentence in my case I give false or perjurious information or testimony to or before the United States Probation Office, the United States District Court, or any agent of the United States, in any proceeding or setting.

B.     **Charge to which the defendant is pleading guilty, and other obligations to which the defendant agrees**

1.     I, Travis B. Bullock, wish to enter pleas of guilty to Counts 1, 2 and 3 of the Information, which charge me with sale and transportation of unlawfully taken wildlife, in violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2).

2.     I agree that sentencing is to be open, except that the sentence

will include the following specific terms which I agree to comply with, among

any others that the Court may impose:

> (a) payment of fines totaling $35,000;

> (b) no hunting or guiding or being with anyone who is hunting

or guiding in Alaska for a period of three years as a condition of probation or

supervised release; and

> (c) reporting to U. S. Fish and Wildlife Service on its standard

forms during and as a condition of the same three year period of probation or

supervised release the details of any hunts at any location, which defendant

guides or from which he is to receive compensation.

> 3.    I agree that there will be no upward or downward departures.

> 4.    I agree to pay the $25 mandatory assessment as to each count,

for a total of $75.


C.    **Elements of the offense**

My attorney has explained the charges to which I am pleading guilty and

the elements necessary to establish my guilty plea. I understand that in order to

sustain a conviction for sale and transportation of unlawfully taken wildlife, in

violation of 16 U.S.C. § 3372(a)(2)(A) and § 3373(d)(2), as charged in this case,

the United States would have to prove beyond a reasonable doubt as to each of the 3 counts the following elements: First, I provided guiding or outfitting or other services for the illegal taking, possessing and transporting of a Dall's sheep worth more than $350, in interstate commerce; Second, I did this for money or other consideration; and Third, in the exercise of due care I should have known that the sheep was taken, possessed and transported in violation of the laws of the State of Alaska.

### D.    **Waiver of trial, appellate, and collateral attack rights**

By pleading guilty, I understand that I give up and I agree to waive the following rights:

--    If applicable, the right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

--    The right to plead not guilty or to persist in that plea if it has already been made;

--    The right to a speedy and public trial by a jury on the issues of my guilt or sentence, and my interest in any forfeitable assets;

--    The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any
criminal penalty unless and until my guilt is established
beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary
to have a lawyer appointed to represent me at trial -- I
understand I am not waiving my right to have counsel
continue to represent me during the sentencing and any other
phase of my case;

-- The right to confront and cross examine witnesses against me,
and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be
used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on
my property or person.

I understand that pleading guilty acts as a waiver of the right to appeal my
conviction. I also understand and agree that as consideration for the
government's commitments under this plea agreement, and if the court accepts
this plea agreement and imposes a sentence consistent with its terms, including
any terms or conditions of probation (if applicable) or supervised release, and

which does not exceed the statutory maximum penalties, I will knowingly and voluntarily waive the right, contained in 18 U.S.C. § 3742, to appeal the sentence – including terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the court imposes. Furthermore, I also knowingly and voluntarily agree to waive the right to collaterally attack my conviction and/or sentence – including terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea. I also agree that if my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

E.    **Maximum statutory penalties**

I understand the maximum statutory penalties for sale or transportation of

unlawfully taken wildlife, in violation of 16 U.S.C. §§ 3372(a)(2)(A) and

3373(d)(2), include the following for the facts upon which my plea will be

entered: a) imprisonment for 1 year, b) a $100,000 fine, c) a $25 mandatory

special assessment, and d) a one-year term of supervised release. I understand

the following may also apply and affect my sentence: 1) pursuant to Comment 7

of U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to

the government of any imprisonment and supervised release term; 2) pursuant to

18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more

than $2,500, interest will be charged on the balance not paid within 15 days after

the judgment date; 3) upon violating any condition of supervised release, a

further term of imprisonment equal to the period of the supervised release may be

imposed, with no credit for the time already spent on supervised release; 4) the

court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. §

5E1.1.

    I agree I will owe the entire $75 mandatory assessment in this case on the

day the court imposes sentence. I understand that all payments will be by check

or money order, and are to be delivered to the Clerk of Court, United States

District Court, 101 12th Ave., Box 1, Fairbanks, Alaska 99701.

G.    **Application of the United States Sentencing Guidelines**

I understand the court has discretion to impose any sentence available for

the offense of conviction, within the terms of this agreement.  I understand the

court must consult the United States Sentencing Commission Guidelines

[U.S.S.G.] when considering the sentence to impose in my case.  I also

understand that the U.S.S.G. are not mandatory and the court is not bound to

impose a sentence recommended by the U.S.S.G..  The United States and I have

reviewed the possible sentencing ranges available under the U.S.S.G. for my case.

*SUMMARY:* **Each of Counts 1, 2 and 3**

*BASE OFFENSE LEVEL § 2Q2.1(a)* . . . . . . . . . . . . . . . . . . . . . . *6*

*POSSIBLE ADJUSTMENTS:*

    *2Q2.1(b)(1) - commercial purpose* . . . . . . . . . . . . . . . . . . *+2*

    *2B1.1(b)(1)(D) - market vale of wildlife over $30,000* . . . . *+6*

*ACCEPTANCE OF RESPONSIBILITY* . . . . . . . . . . . . . . . . . . . *-2*

*NON-BINDING ESTIMATED TOTAL IF NO ADJUSTMENTS 12*

*NON-BINDING ESTIMATED CRIMINAL HISTORY* . . . . . . . . *I*

*NON-BINDING ESTIMATED*
*SENTENCING RANGE IF NO ADJUSTMENTS -    10-16 months*

*SUPERVISED RELEASE RANGE* ............... *0 to 1 year*

*FINE RANGE* ........................... *$3,000 - $30,000*

### H.    Satisfaction with counsel

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the effect of the United States Sentencing Commission Guidelines on my sentence.

### I.    Factual basis for the plea

I admit that the charges against me in Counts 1, 2 and 3 of the Information are true and stipulate to the truth of the following factual basis for my pleas and that this factual basis supports my guilty pleas in this case:

Defendant is qualified as an assistant guide under Alaska law. He guided and outfitted sheep hunts in Alaska in the summer of 2003 for three clients from Florida, Mr. Lorton, Mr. Krueger and Mr. Dandy. They took a total of three sheep, all without a registered guide participating in the field as required by Alaska law. Further, two of the sheep were of sub-legal size, and substantial parts of all three sheep were wasted. Defendant knew of these facts rendering the sheep illegal and knew that as an assistant guide he was not permitted by Alaska law to contract for the hunts and to conduct the hunts without being employed and supervised in the field by a registered guide.

The hunters paid defendant $34,000, consisting of defendant's charge of $10,500 per hunter, for a total charge of $31,500, and tips of $3,000 ($1,250 for defendant and $1,750 for his packers). This was additional to the clients' outlay for travel to and from Alaska, food, lodging and the like when not on the hunt. These clients have all paid fines and forfeited their sheep.

Defendant paid $11,250 to registered guide Eugene Witt for Witt's agreement that defendant could use Witt's name as having been the registered guide for this hunt. Witt wrote a letter to Bullock agreeing to this and stating he would not be personally present for the hunt. Defendant, not Witt, entered into the contracts with the clients. Witt's guide license has been suspended and other

Page 13 of 19

penalties have been imposed on him for his part in the transaction underlying this

case.


III.    **What the United States agrees to do**


A.    In exchange for and as a condition of defendant's pleas of guilty to

Counts 1, 2 and 3 of the Indictment and compliance with all the terms of this

agreement, the United States agrees that upon entry of judgment in accordance

with all the terms of this agreement the United States will not prosecute defendant

further for any offense -- now known -- arising out of the subject of the

investigation related to the charges in this case and the defendant's admissions in

support of the guilty plea.  Provided, however, if defendant's guilty plea is

rejected, withdrawn, vacated, reversed, or set aside, or if defendant's sentence is

vacated, reversed, set aside, or modified, at any time, in any proceeding, for any

reason, or if defendant breaches this plea agreement, the United States will be free

to prosecute defendant on all charges arising out of the investigation of this case

for which there is probable cause, including any charges dismissed or agreed to

be dismissed or not prosecuted pursuant to the terms of this agreement, which

charges will be automatically reinstated, as well as for perjury and false

statements.

B.     If defendant is completely candid and truthful with both the court

and the United States Probation Office in admitting the underlying criminal

conduct and defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United

States agrees to recommend defendant for a two level downward adjustment for

acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the

additional one level adjustment for acceptance of responsibility. If, at any time

prior to imposition of sentence, defendant fails to meet the criteria set out in

U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of

responsibility, the United States will not make or, if already made, will withdraw,

this recommendation and motion.

C.     The United States further agrees that:

Sentencing is to be open, except for the expressly agreed Terms

stated above in this agreement, at pp. 2-4, and there are to be no upward or

downward departures.

## IV. Adequacy of the agreement

Pursuant to Local Criminal Rule 11.2 (D) (7) and (9), this plea agreement is appropriate in that the charge of conviction (conspiracy) encompasses the other charged conduct and therefore adequately reflects the seriousness of the actual offense conduct. Acceptance of the agreement therefore will not undermine the statutory purposes of sentencing. The specific provisions proposed to be binding on the court will result in a sentence within the applicable guideline range. The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide the defendant an opportunity for rehabilitation.

## V.    The defendant's acceptance of the terms of this plea agreement

By my signature below, I, Travis B. Bullock, affirm that this document contains all of the agreements made between me  −  with the assistance of my attorney  −  and the United States regarding my plea.  There are no other

promises, assurances, or agreements the United States has made or entered into
with me that have affected my decision to enter any plea of guilty or to enter into
this agreement.

I understand that I have a right to plead not guilty and proceed to trial, and
that no one can force me to plead guilty. I understand that no one, including my
attorney, can guarantee the outcome of my case or what sentence the court may
impose if I plead guilty. If anyone, including my attorney, has done or said
anything other than what is contained in this agreement, I will inform the judge
when I stand before him to enter my plea.

I understand the court will ask me under an oath to answer questions about
the offense to which I am pleading guilty and my understanding of this plea
agreement. I understand that I may be prosecuted if I make false statements or
give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I
know of no reason why the court should find me incompetent to enter into this
agreement or to enter my plea. I enter into this agreement knowingly and
voluntarily. I understand that anything that I discuss with my attorney is

I have read this plea agreement carefully and understand it
thoroughly. I know of no reason why the court should find me incompetent
to enter into this agreement or to enter my plea. I enter into this
agreement knowingly and voluntarily. I understand that anything that I
discuss with my attorney is privileged and confidential, and cannot be
revealed without my permission. Knowing this, I agree that this document
will be filed with the court.

Based on my complete understanding of this plea agreement, I
therefore wish to enter pleas of guilty to Counts 1, 2 and 3 of the
Indictment.

DATED: _12-12-05_                    _T~ B Bullock_

                                    Travis B. Bullock
                                    Defendant


As counsel for defendant, I have discussed the terms of this plea
agreement with defendant, have fully explained the charge(s) to which the
defendant is pleading guilty and the necessary elements, all possible
defenses, and the consequences of a guilty plea. Based on these
discussions, I have no reason to doubt that defendant is knowingly and
voluntarily entering into this agreement and entering a plea of guilty. I
know of no reason to question defendant's competency to make these

privileged and confidential, and cannot be revealed without my permission.

Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore

wish to enter pleas of guilty to Counts 1, 2 and 3 of the Indictment.


DATED: _____        _____

                                        Travis B. Bullock
                                        Defendant


       As counsel for defendant, I have discussed the terms of this plea agreement with defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea. Based on these discussions, I have no reason to doubt that defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.


DATED: 12/14/05        _____

                                        ALAN N. DAYAN
                                        Attorney for TRAVIS B. BULLOCK

On behalf of the United States, the following accept Travis B. Bullock's offer to plead guilty under the terms of this plea agreement.

DATED: 12/14/05

STEPHEN COOPER
Assistant United States Attorney

DATED: 12/14/05

TIMOTHY M. BURGESS
United States Attorney

Page 19 of 19