ALLEN N. DAYAN
 745 West 4th Avenue, Suite 230
 Anchorage, AK  99501
 (907) 277-2330

 Attorney for:
 Defendant Travis B. Bullock

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05-cr-037-TWH |
| | ) | |
| TRAVIS B. BULLOCK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STATEMENT OF DEFENDANT TRAVIS BULLOCK
OF SENTENCING FACTORS TO BE RELIED UPON AT SENTENCING**

COMES NOW, Travis Bullock by and through his counsel of record Allen N. Dayan and hereby files this Statement of Sentencing factors to be relied upon at sentencing.

Defendant entered into a plea agreement with the United States Government, and entered a plea of guilty on November 14, 2005 to 3 Counts of Sale and Transportation of Unlawfully Taken Wildlife in violation of 16 U.S.C. §3372(a)(2)(A) and 3373(d)(2). The plea agreement's relevant terms are:

The parties agree:

1

1.  The defendant Travis B. Bullock will enter please of
    guilty to Count 1, 2, and 3 of the Information,
    charging sale and transportation of unlawfully taken
    wildlife, in violation of 16 U.S.C. §§3372(a)(2)(A)
    and 3373(d)(2).

2.  Sentencing is to be open, except that the sentence
    will include the following specific terms, among any
    others that the Court may impose:

    (a)  payment of fines totaling $35,000;

    (b)  no hunting or guiding or being with anyone who
         is hunting or guiding in Alaska for a period
         of three years as a condition of probation or
         supervised release; and

    (c)  reporting to U.S. Fish and Wildlife Service on
         its standard forms during and as a condition
         of the same three year period of probation or
         supervised release the details of any hunts at
         any location, which defendant guides or from
         which he is to receive compensation.

3.  If defendant meets the criteria set out in U.S.S.G.
    §3E1.1 and continues to meet those criteria through
    the time of imposition of sentence, the two-level
    downward adjustments for acceptance of
    responsibility will apply, and if U.S.S.G.

2

§3E1.1(b)applies, the United States will move for
the additional one-level adjustments for acceptance
of responsibility.

4.  There will be no upward or downward departures.

5.  The $25 mandatory assessment will be ordered as to
each count, for a total of $75.

6.  All other terms are subject to open sentencing.


The sentencing range in this case is from 10 to 16 months
but, since the statutory authorized maximum sentence is 12 months
the guideline range is 10 to 12 months.  However, under  18
U.S.C. § 3561(a) A defendant who has been found guilty of an
offense may be sentenced to a term of probation. Under 18 §
3561(c)(2) authorizes the term of probation for a misdemeanor for
not more than five years.

The decision in United States v. Booker, 125 S.Ct. 735,
(2005), holds that the Federal Sentencing Guidelines are
advisory. District Courts must consult the Guidelines but are
required to take into account the provisions set forth in 18
U.S.C. § 3553(a) when determining the particular sentence to be
imposed. In addition, U.S.C. § 3562(a) directs the court to
again look at U.S.C. § 3553(a) when a District Court is making
the determination whether a sentence of probation should be
imposed.

The relevant factors set forth in 18 § 3553 for sentencing are:

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the

4

guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments

5

issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

These factors provide a common sense approach to protect society, reaffirm societal norms and provide treatment for the defendant.

**Argument**

The nature and circumstances of the offense and the history and characteristics of the defendant

The heart of the offence conduct for which Mr. Bullock is charged is violating Alaska State Fish and Game Laws by guiding without the supervision of a master guide and then not adequately salvaging all of the meat.  This is Mr. Bullock's first brush with the law.  There is no evidence that this is a pattern of behavior. Mr. Bullock simply did not research what was required of him to guide in Alaska. This was compounded by a hunt in which everything went wrong and all the meat was not taken. He accepted responsibility for his actions very early in

this matter. He was at fault and continues to take full responsibility for his actions. He will pay the fines in the first month after they are imposed.

Mr. Bullock has been an exemplary citizen and a well respected hunting and fishing guide his entire adult life. Mr. Bullock is a man who prior to this had an unblemished reputation for honesty and integrity in the hunting and fishing community and the community at large. He has been active in the promotion of ethical and fair hunting proposals and was so highly thought of he was appointed to the Idaho State Outfitters & Guide Licensing Board. As a result of these charges Mr. Bullock resigned his seat on the board. The huge outpouring of public support for Mr. Bullock is evidenced by the large numbers of letters written on his behalf. These letters indicate the high regard in which he is held in his community.

### The Need for the Sentence Imposed.

The defense proposes the sentence set fourth in the plea agreement: a fine of $35,000 fine, no hunting or guiding or being with anyone who is hunting or guiding in Alaska for a period of three years as a condition of probation or supervised release; and reporting to U.S. Fish and Wildlife Service on its standard forms during and as a condition of the same three year period of probation or supervised release and to release the details of any hunts at any location, which defendant guides or

from which he is to receive compensation. Finally, there is a fine of $35,000. In addition the defense proposes community service in lieu of incarceration.

This proposed sentence reflects the seriousness of the offense, and promotes respect for the law, and provides just punishment for the offense as required. It gives adequate deterrence to criminal conduct. It protects the public from further crimes of the defendant; The total cost to Mr. Bullock of this adventure will cost him in excess of $100,000 in fines, attorneys fees, lost business and the inability to guide in Alaska. The damage to his reputation is permanent and deeply regretted by Mr. Bullock. It should be noted that the Master Guide who was involved in this matter paid a $10,000 fine and received no incarceration. The law's seriousness and respect are honored by this proposed sentence and it appears just in light of all the circumstances. This sentence will also adequately deter criminal conduct. It highlights the enormous cost of violating State of Alaska guide laws.  Finally Mr. Bullock can't guide in Alaska for 3 years and will have to provide information to a federal probation officer regarding his guiding trips for 3 years. This addresses the need to protect the public from further crimes of the defendant.

**The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of**

8

**similar conduct; and the need to provide restitution to any victims of the offense.**

The Master Guide who was involved in this matter paid less than a $10,000 fine and received no incarceration. Mr. Bullock has made the hunters whole by providing other hunts at no charge.

**The kinds of sentences available and the kinds of sentence and the sentencing range established.**

The Maximum penalty for violation of these 3 misdemeanors is 1 year incarceration and a $100,000 fine. The sentencing guidelines call for a sentence of 10 to 12 months. The minimum sentence is probation is allowed under 18 USCS § 3561.

**Conclusion**

The proposed sentence by the defense is the sentence set fourth in the plea agreement: a fine of $35,000 fine, no hunting or guiding or being with anyone who is hunting or guiding in Alaska for a period of three years as a condition of probation or supervised release; and reporting to U.S. Fish and Wildlife Service on its standard forms during and as a condition of the same three year period of probation or supervised release and to release the details of any hunts at any location, which defendant guides or from which he is to receive compensation. Finally,

there is a fine of $35,000. In addition the defense proposes community service in lieu of incarceration.

This sentence is sufficient, but not greater than necessary to be just an appropriate in light of the above facts and factors.


DATED this 7th day of March, 2006, at Anchorage, Alaska.

s/Allen N. Dayan
745 W. 4th Avenue, Suite 230
Anchorage, Alaska 99501
Phone: 907-277-2330
Fax: 907-277-7780
Email: dayanlaw@acsalaska.net
Alaska Bar No. 8811179


Certificate of Service
I hereby certify that on March 7, 2006, a copy of the foregoing was Electronically Served on Stephen Cooper
Assistant U.S. Attorney